JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-00086 PSG (JEMx) | Date | July 22, 2024 |
|---|---|---|---|
| Title | Marjorie Saint Hubert et al. v. Equinox Holdings, Inc. et al | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge |
|---|---|

| Derek Davis | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| Not Present | Not Present |

| Proceedings (In Chambers): | Order GRANTING Plaintiff's motion for final approval of class action settlement [Dkt. # 71] and Plaintiff's motion for attorneys' fees, costs, and enhancement award [Dkt. # 72]. |
|---|---|

Before the Court are two motions: (1) a motion for final approval of class action settlement, *see generally* Dkt. # 71-1 ("*Final Approval Mot.*"); and (2) a motion for attorneys' fees and costs, *see generally* Dkt. # 72-1 ("*Fees Mot.*"), filed by Plaintiff Marjorie Saint Hubert ("Plaintiff"). Defendant Equinox Holdings Inc. ("Defendant") does not oppose. Having considered the moving papers, as well as the arguments at the hearing on July 19, 2024, the Court **GRANTS** the final approval motion and **GRANTS** the motion for attorneys' fees.

I. <u>Background</u>

    A. <u>Factual and Procedural History</u>

In December 2020, Plaintiffs Hubert, Valerie Martinez, and Therese Svengert (collectively, "Plaintiffs")[1] filed this putative class action in California state court, asserting numerous wage and hour claims in violation of the California Labor Code and Business & Professions Code. *See generally* Dkt. # 1-1. Defendant then removed the case to this Court. *See generally* Dkt. # 1. The operative first amended complaint, filed in July 2021, asserts eight causes of action:

    <u>First Cause of Action</u>: Failure to provide reimbursement of business expenses, Cal. Lab. Code § 2802. *First Amended Complaint*, Dkt. # 16 ("*FAC*"), ¶¶ 40–43.

---

[1] Plaintiffs Martinez and Svengert are not part of the settlement, leaving Plaintiff as the sole plaintiff and class representative.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-00086 PSG (JEMx) | Date | July 22, 2024 |
|---|---|---|---|
| Title | Marjorie Saint Hubert et al. v. Equinox Holdings, Inc. et al | | |

Second Cause of Action: Failure to provide meal periods. *Id.* ¶¶ 44–52.

Third Cause of Action: Failure to provide rest periods. *Id.* ¶¶ 53–61.

Fourth Cause of Action: Failure to pay all earned wages, Cal. Lab. Code § 226. *Id.* ¶¶ 62–72.

Fifth Cause of Action: Failure to provide accurate itemized statements, Cal. Lab. Code § 226. *Id.* ¶¶ 73–75.

Sixth Cause of Action: Waiting Time Penalties, Cal. Lab. Code § 203. *Id.* ¶¶ 76–78.

Seventh Cause of Action: Unfair Business Practices, Cal. Bus. & Prof. Code §§17200, *et seq.* *Id.* ¶¶ 79–85.

Eighth Cause of Action: Violation of the Private Attorneys General Act, Cal. Lab. Code §§ 2698, *et seq.* ("PAGA"). *Id.* ¶¶ 86–95.

In January 2022, Defendant moved for summary judgment as to Plaintiffs' first cause of action—alleging a failure to reimburse parking expenses—arguing that Defendant's parking program is optional and that Plaintiffs' parking expenses were not incurred in direct consequence of Plaintiffs' job duties. *See generally Notice of Motion and Motion for Partial Summary Judgment*, Dkt. # 22. The Court granted Defendant's motion for partial summary judgment in March 2022. Dkt. # 38 ("*Summ. J. Order*"), 7–10.

In September 2022, Plaintiff and Defendant attended a mediation before mediator Stephen Benardo. *Declaration of Omid Nosrati*, Dkt. # 71-2 ("*Nosrati Decl.*"), ¶ 6. And by the end of September 2022, the parties accepted Mr. Benardo's proposal and settled the matter in principle. *Id.* ¶ 8; Dkts. # 46–47.

After months of finalizing the terms of the settlement, the parties executed a Joint Stipulation of Class Settlement and Release ("Settlement Agreement"). *Nosrati Decl.* ¶¶ 10–12. Plaintiff initially filed an unopposed motion for preliminary approval of class action settlement on July 27, 2023. *See generally* Dkt. # 62. By order entered August 23, 2023, the Court denied the unopposed motion for preliminary approval without prejudice because the Court lacked sufficient information to assess the fairness and reasonableness of the gross settlement and had concerns regarding the scope of the settlement's release and the class notice. Dkt. # 63 ("*Order Denying Mot. for Prelim. Approval*").

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-00086 PSG (JEMx) | Date | July 22, 2024 |
|---|---|---|---|
| Title | Marjorie Saint Hubert et al. v. Equinox Holdings, Inc. et al | | |

Plaintiff renewed her motion for preliminary approval of class action on October 6, 2023. *See generally* Dkt. # 64. While Plaintiff addressed the majority of the issues raised by the Court, the Court denied the renewed motion for preliminary approval without prejudice because it remained concerned that the Settlement Agreement's release of the class claims via the opt-out mechanism was improper under FLSA. Dkt. # 65 ("*Order Denying Renewed Mot. for Prelim. Approval*").

Plaintiff then filed her second renewed motion for preliminary approval of class action settlement, *see generally Second Renewed Mot. for Prelim. Approval*, Dkt. # 66 ("*Prelim. Approval Mot.*"), which the Court granted, *see generally* Dkt. # 102 ("*Prelim. Approval Order*"). Specifically, the Court (1) certified the Class for settlement purposes; (2) preliminary approved the Settlement Agreement; (3) appointed Omid Nosrati, Esq. of NOSRATI LAW, APLC as Class Counsel; (4) appointed Plaintiff as Class Representative; (5) appointed CPT Group, Inc. ("CPT Group") as the Settlement Administrator; and (6) approved the proposed Class Notice. *Id.* 9, 19. The Court also ordered Plaintiff to file additional memoranda justifying the attorneys' fees and costs reward request and Plaintiff's enhancement award. *Id.* 19.

CPT Group, the appointed Settlement Administrator, sent Class Notice by U.S. mail to the Class—comprising 534 Class Members—on March 25, 2024. *Declaration of Jennifer Forst*, Dkt. # 71-7 ("*Forst Decl.*"), ¶ 4. CPT Group was unable to deliver five Class Notices after performing skip traces to locate new mailing addresses and remailing Class Notices for undelivered Class Notices. *Id.* ¶ 5. As of June 14, 2024, CPT group has not received any disputes or objections and has received one opt-out request. *Id.* ¶¶ 6–7.

Plaintiff now moves for an order granting final approval of: (1) the Settlement Agreement; (2) the enhancement award to Plaintiff; (3) Class Counsel's attorneys' fees and costs; and (4) the administration costs incurred by CPT Group. *Final Approval Mot.* 1:2–9.

II.    Final Approval of the Settlement Agreement

    A.    Overview of the Settlement Agreement

The Settlement Agreement resolves claims between Defendant and the settlement class ("Class" or "Class Member(s)"), defined as: "all persons employed by Defendant as a Membership Advisor or Senior Membership Advisor in California at any time from December 1, 2016, to date of preliminary approval." *Nosrati Decl.* ¶ 40, Ex. 1, Dkt. # 71-6 ("*Settlement*"), ¶¶ 6, 22, 61.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-00086 PSG (JEMx) | Date | July 22, 2024 |
|---|---|---|---|
| Title | Marjorie Saint Hubert et al. v. Equinox Holdings, Inc. et al | | |

Under the Settlement Agreement, Defendant agrees to pay a gross settlement fund of $225,000 ("Gross Settlement"). *Id.* ¶¶ 10, 31. The Gross Settlement includes attorneys' fees and costs, enhancement awards, and claims administration expenses. *Id* ¶ 10. Defendant's settlement payment will not exceed the Gross Settlement except for Defendant's share of the payroll taxes. *Id.* The Gross Settlement is an all-in common fund settlement, and there will be no reversion of any portion of the fund to Defendant. *Id.*

The Settlement Agreement permits Plaintiff's counsel to seek one-third of the Gross Settlement in attorneys' fees. *Id.* ¶ 32. Plaintiff's counsel, however, intends to seek a lesser amount, twenty-five percent—$56,250. *Final Approval Mot.* 16:7–9. Further, the Settlement Agreement includes litigation costs and expenses of $4,331, an enhancement award of $5,000, and settlement administration costs of $20,000. *Settlement* ¶¶ 32–34; *Forst Decl.* ¶ 8. Accordingly, the settlement available to Class Members is $139,419 ("Net Settlement"). *Forst Decl.* ¶ 8.

The Net Settlement will be allocated to each Class Member according to the number of weeks he or she worked during the class period based on Defendant's records. *Settlement* ¶ 35. 533 Class Members, working 31,410 workweeks, have participated in the Settlement Agreement. *Forst Decl.* ¶¶ 8–9. The average estimated individual payment to participating Class Members is $261.08. *Id.*

In exchange, the Class Members will release Defendant from:

[A]ll claims under state, federal or local law, whether statutory, common law or administrative law, alleged in the operative complaint in the Action, or that could have been alleged based on the factual allegations in the operative complaint in the Action, including but not limited to: (1) Failure to Pay Wages, including minimum wages; (2) Failure to Pay Overtime Wages; (3) Failure To Provide Meal Periods; and (4) Failure To Provide Rest Periods, including but not limited to failing to pay rest period premiums at the regular rate of pay, including, but not limited to, claims for injunctive relief; punitive damages; liquidated damages, penalties of any nature; interest; fees; costs; and, all other claims and allegations made or which could have been made based on the allegations in the operative complaint in the Action, from December 1, 2016, to through preliminary approval ("Released Class Claims").

*Settlement* ¶ 22.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-00086 PSG (JEMx) | Date | July 22, 2024 |
|---|---|---|---|
| Title | Marjorie Saint Hubert et al. v. Equinox Holdings, Inc. et al | | |

Any Class Member, who does not affirmatively opt-out of the Settlement Agreement, "will be bound by all of [its] terms, including those pertaining to the Released Class Claims." *Id.* ¶ 48. The Settlement Agreement specifies, however, that "[b]y operation of cashing, depositing or otherwise negotiating their Individual Settlement Payment checks, Class Members will be deemed to have opted-in to the settlement for purposes of the Fair Labor Standards Act. ('FLSA')." *Id.* ¶ 48a.

B.    Legal Standard

A court may finally approve a class action settlement "only after a hearing and only on finding that [the settlement] . . . is fair, reasonable and adequate." Fed. R. Civ. P. 23(e)(2). Approval or rejection of a settlement agreement is committed to the district court's sound discretion. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998), *overruled on other grounds by Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011).

> In determining whether a settlement is fair, reasonable, and adequate, the court must balance a number of factors: [1] the strength of the plaintiffs' case; [2] the risk, expense, complexity and likely duration of further litigation; [3] the risk of maintaining class action status throughout the trial; [4] the amount offered in settlement; [5] the extent of discovery completed and the stage of proceedings; [6] the experience and views of counsel; [7] the presence of a government participant; and [8] the reaction of the class members to the proposed settlement.

*Id.*; *see also Kim v. Allison*, 8 F.4th 1170, 1178 (9th Cir. 2021); *Staton v. Boeing Co.*, 327 F.3d 938, 959 (9th Cir. 2003); *Officers for Justice v. Civil Serv. Comm'n of S.F.*, 688 F.2d 615, 625 (9th Cir. 1982) (noting that the list of factors is "by no means an exhaustive list"). Additionally, under Rule 23(e), the Court must "scrutinize[e] the fee arrangement for potential collusion of unfairness to the class" by analyzing three factors: (1) whether counsel "receive[d] a disproportionate distribution of the settlement;" (2) whether the parties agreed to a "clear sailing arrangement;" and (3) whether the settlement includes a "kicker" or "reverter" clause. *See Briseño v. Henderson*, 998 F.3d 1014, 1023, 1026 (9th Cir. 2021).

The district court must approve or reject the settlement—as a whole—after comprehensively exploring all factors. *See Hanlon*, 150 F.3d at 1026 ("It is the settlement taken as a whole, rather than the individual component parts, that must be examined for overall fairness."). The court may not delete, modify, or rewrite particular provisions of the settlement. *See id.* A court should be cognizant that a settlement "is the offspring of compromise; the question . . . is not whether the final product could be prettier, smarter or snazzier, but whether it

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-00086 PSG (JEMx) | Date | July 22, 2024 |
|---|---|---|---|
| Title | Marjorie Saint Hubert et al. v. Equinox Holdings, Inc. et al | | |

is fair, adequate and free from collusion." *Id.* at 1027. In determining whether a proposed
settlement should be approved, the Ninth Circuit has a "strong judicial policy that favors
settlement, particularly where complex class action litigation is concerned." *Class Plaintiffs v.
Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992).

    C.    <u>*Hanlon* Factors</u>

        i.    *Strength of Plaintiff's Case*

"An important consideration in judging the reasonableness of a settlement is the strength
of the plaintiff's case on the merits balanced against the amount offered in the settlement."
*Vasquez v. Coast Valley Roofing, Inc.*, 266 F.R.D. 482, 488 (E.D. Cal. 2010) (internal quotation
marks omitted). This factor generally weighs in favor of approval when a plaintiff must
overcome barriers to make her case. *See Chun-Hoon v. McKee Foods Corp.*, 716 F. Supp. 2d
848, 851 (N.D. Cal. 2010).

Here, Plaintiff indicates that her claims faced significant challenges in establishing class-
wide liability for meal break and rest period violation claims. *Nosrati Decl.* ¶ 24. This is
demonstrated by the parties arriving at a Gross Settlement—reached through a mediator's
proposal—that represents only 13% of the estimated damages for the Class. *Prelim. Approval
Order* 13. Indeed, Plaintiff acknowledged numerous weaknesses in her case. *See Final
Approval Mot.* 9:20–12:25. For example, Defendant produced documents in discovery
supporting its argument that its policies complied with the requirements of *Brinker v. Superior
Court*, 53 Cal.4th 1004 (2012), and as such there was "a substantial risk" that Plaintiff and the
Class Members "would not prevail in this action." *Nosrati Decl.* ¶ 24; *Final Approval Mot.*
12:19–25. Further, Defendant contested liability during mediation arguing that it paid meal
premiums for alleged meal period violations. *See Final Approval Mot.* 10:15–16; *Nosrati Decl.*
¶ 28. And Plaintiff learned that Defendant has "California operations administrators who
monitor all time punches and their computer program automatically generates a premium
payment when there is a meal period violation." *Final Approval Mot.* 10:21–22; *Nosrati Decl.*
¶ 29. Lastly, Plaintiff's rest break claim also "was greatly disputed on the merits" and could
have had suffered from a "manageability issue" as Defendant argued during mediation that in
Plaintiff's deposition, she testified "that no one ever told her she could not take [] rest breaks."
*Final Approval Mot.* 10:16–19.

Accordingly, Plaintiff's case may have been relatively weak given the obstacles she
would face in establishing liability and certification. Thus, this factor weighs in favor of final
approval.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-00086 PSG (JEMx) | Date | July 22, 2024 |
|---|---|---|---|
| Title | Marjorie Saint Hubert et al. v. Equinox Holdings, Inc. et al | | |

ii.  *Risk, Expense, Complexity, and Duration of Further Litigation*

The second factor in assessing the fairness of the proposed settlement is the complexity, expense, and likely duration of the lawsuit if the parties had not reached a settlement agreement. *See Officers for Justice*, 688 F.2d at 625.

Plaintiff argues that, without a settlement, the parties would need to endure expensive and protracted litigation that could have resulted in no recovery at all for certain claims. If litigation were to proceed, Plaintiff would need to conduct further discovery, move for class certification, oppose Defendant's likely motion for summary judgment, and, if successful, proceed to trial. *Final Approval Mot.* 13:12–17. As outlined above, Plaintiff faces "a substantial risk" that "Plaintiff and putative class members would not prevail in this action" given Defendant's production indicated it may have "complied with the requirements under *Brinker*." *Nosrati Decl.* ¶ 24. Accordingly, because the settlement eliminates the delay, costs, and uncertainty of further litigation, this factor supports final approval. *See Dyer v. Wells Fargo Bank, N.A.*, 303 F.R.D. 326, 331 (N.D. Cal. 2014) ("This factor supports final approval of this settlement because, without a settlement, Plaintiffs would risk recovering nothing.").

iii.  *Risk of Maintaining Class Action Status Through Trial*

As stated above, Plaintiff recognizes that resolution of the class claims would have likely required individualized inquiries and posed manageability concerns that could have threatened class action status through trial. *See Final Approval Mot.* 9:20–13:17. For example, as to Plaintiff's rest break claim, Defendant argued during mediation that in Plaintiff's deposition, she testified "that no one ever told her she could not take [] rest breaks." *Id.* 10:15–19. As to both claims, Plaintiff would have had to engage in fact-specific questioning and discovery regarding Defendant's policies and practices over an extended period of time, which may have given rise to individualized issues. Accordingly, this factor also supports final approval.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-00086 PSG (JEMx) | Date | July 22, 2024 |
|---|---|---|---|
| Title | Marjorie Saint Hubert et al. v. Equinox Holdings, Inc. et al | | |

    *iv.*    *Amount Offered in Settlement*

      The fourth factor in assessing the fairness of the proposed settlement is the amount of the
settlement. "[T]he very essence of a settlement is compromise, a yielding of absolutes and an
abandoning of highest hopes." *Officers for Justice*, 688 F.2d at 624 (internal quotations
omitted). The Ninth Circuit has explained that "the proposed settlement is not to be judged
against a hypothetical or speculative measure of what might have been achieved by negotiators."
*Id.* at 625. "Rather, the settlement amount must account for the risks of further litigation and
trial, as well as expenses and delays associated with continued litigation." *Contreras v.
Armstrong Flooring, Inc.*, No. CV 20-3087 PSG (SKx), 2021 WL 4352299, at *5 (C.D. Cal. July
6, 2021).

      Here, Defendant agrees to pay a Gross Settlement of $225,000, *Settlement* ¶¶ 10, 30–31,
with a Net Settlement of approximately $139,419 to go to Class Members, *Forst Decl.* ¶ 8. The
Gross Settlement Amount equals roughly 13% of Plaintiff's estimated damages for the class.
*Prelim. Approval Order* 13. This percentage is well within the range for final approval. *See
Turner v. Motel 6 Operating L.P.*, No. CV 17-2544 PSG (SSx), 2018 WL 6977474, at *3 (C.D.
Cal. Nov. 6, 2018) (approving a wage-and-hour class action settlement where the gross
settlement amount was 6.8% of plaintiff's estimation of defendant's total maximum liability);
*Khaled v. Library Sys. & Servs., LLC*, No. EDCV 19-1478 PSG (KKx), 2021 WL 2366952, at
*6 (C.D. Cal. May 14, 2021) (approving a wage-and-hour class action settlement where the
gross settlement amount was 4.6% of plaintiff's estimation of defendant's total maximum
liability); *Contreras v. Armstrong Flooring, Inc.*, No. CV 20-3087 PSG (SKx), 2021 WL
4352299, at *5–6 (C.D. Cal. July 6, 2021) (approving a wage-and-hour class action settlement
where the gross settlement amount was 13.62% of plaintiff's estimation of defendant's total
maximum liability). Further, the parties reached this settlement after engaging in adversarial and
arm's-length mediation. *See Final Approval Mot.* 7:26–8:3.

      Weighing the clear risks of ongoing litigation against the recovery the Settlement
Agreement provides for the Class, the amount offered in settlement is reasonable. *See Aarons v.
BMW of N. Am., LLC*, No. CV 11-7667 PSG (CWx), 2014 WL 4090564, at *12 (C.D. Cal. Apr.
29, 2014) (noting that while settlements will not make most class members completely whole,
class members must "discount their claims to obtain a certain and timely recovery, rather than
bear the significant risk and delay associated with further litigation"); *Vasquez*, 266 F.R.D. at
489 (noting that "the risk of continued litigation balanced against the certainty and immediacy of
recovery from the Settlement" is a relevant factor). Accordingly, this factor favors final
approval.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-00086 PSG (JEMx) | Date | July 22, 2024 |
|---|---|---|---|
| Title | Marjorie Saint Hubert et al. v. Equinox Holdings, Inc. et al | | |

     *v.    Extent of Discovery Completed and State of the Proceedings*

This factor requires the Court to gauge whether Plaintiff had sufficient information to make an informed decision about the merits of her case. *See In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000). The more discovery that has been completed, the more likely it is that the parties have "a clear view of the strengths and weaknesses of their cases," and the more heavily this factor weighs in favor of final approval. *Young v. Polo Retail, LLC*, No. C 02-4546 VRW, 2007 WL 951821, at *4 (N.D. Cal. Mar. 28, 2007) (internal quotation marks omitted).

Here, Class Counsel participated in extensive formal and informal discovery. These efforts included efforts including conducting pre-litigation investigation; reviewing time records and wage statements from a 30% sample size of the Class; reviewing various relevant company policies and procedures relating to the claims in Plaintiff's case; taking a person most qualified deposition; preparing and serving written discovery including requests for admissions, three sets of interrogatories, three sets of request for production of documents; and reviewing several thousand pages of documents produced by Defendant. *Prelim. Approval Order* 11–12; *Nosrati Decl.* ¶ 20. Class Counsel also retained the services of an expert consultant to prepare a damages analysis report in preparation for mediation. *Id.* ¶ 21.

Accordingly, the Court is confident that Plaintiff had enough information to make an informed decision about the settlement after arm's-length negotiation and mediation based on the strengths and weaknesses of the case. *See Glass v. UBS Fin. Servs.*, No. C 06-4068 MMC, 2007 WL 221862, at *4–5 (N.D. Cal. Jan. 26, 2007) (reasoning that the parties' having undertaken informal discovery prior to settling supports approving the class action settlement). As such, this factor weighs in favor of granting final approval.

     *vi.    Experience and Views of Counsel*

"Parties represented by competent counsel are better positioned than courts to produce a settlement that fairly reflects each party's expected outcome in litigation." *In re Pac. Enters. Sec. Litig.*, 47 F.3d 373, 378 (9th Cir. 1995). While counsel's views are instructive, they do not entitle the plaintiff to a presumption of fairness. *See Roes, 1–2 v. SFBSC Mgmt., LLC*, 944 F.3d 1035, 1049 (9th Cir. 2019).

Here, Class Counsel has considerable experience handling class action cases, including wage-and-hour class actions. *See Nosrati Decl.* ¶¶ 13–18. The Court is satisfied that this experience has allowed Class Counsel to evaluate the merits of the claims and risks associated

## UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-00086 PSG (JEMx) | Date | July 22, 2024 |
|---|---|---|---|
| Title | Marjorie Saint Hubert et al. v. Equinox Holdings, Inc. et al | | |

with prosecuting the case through trial and appeal. The Court accordingly credits Class Counsel's determination that the settlement is fair and reasonable, *id.* ¶ 32, and finds that this factor weighs slightly in favor of final approval.

> vii.    *Presence of a Government Participant*

Because there is no government entity directly participating in the case, this factor is not relevant to the analysis.

> viii.    *Class Members' Reaction to the Proposed Settlement*

In evaluating the fairness, adequacy, and reasonableness of settlement, courts also consider the reaction of the class to the settlement. *See Molski v. Gleich*, 318 F.3d 937, 953 (9th Cir. 2003), *overruled on other grounds by Dukes v. Wal-Mart Stores, Inc.*, 603 F.3d 571 (9th Cir. 2010); *Nat'l Rural Telecomms. Coop. v. DIRECTTV, Inc.*, 221 F.R.D. 523, 528–29 (C.D. Cal. 2004) ("It is established that the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class action settlement are favorable to the class members."); *see also Arnold v. Fitflop USA, LLC*, No. CV 11-0973 W (KSC), 2014 WL 1670133, at *8 (S.D. Cal. Apr. 28, 2014) (concluding that the reaction to the settlement "presents the most compelling argument favoring settlement").

Here, Class Notices were sent to all 534 Class Members—with five Notices unable to be delivered. *Forst Decl.* ¶¶ 4–5. Not a single Class Member objected to the Settlement Agreement and only one opted out. *Id.* ¶¶ 6–7. The Court finds that this positive reaction weighs in favor of final approval.

> ix.    *Balancing the Hanlon Factors*

Having considered all of the *Hanlon* factors, the Court finds that all relevant factors favor final approval.

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-00086 PSG (JEMx) | Date | July 22, 2024 |
|---|---|---|---|
| Title | Marjorie Saint Hubert et al. v. Equinox Holdings, Inc. et al | | |

D.    _Briseño_ Factors

In *Briseño*, the Ninth Circuit stressed that, before approving class action settlements, district courts must look for signs that class counsel has pursued their own self-interests in the negotiations. *See* 998 F.3d at 1023. The court identified three "red flags" that are indicative of collusion between class counsel and the defendant: (1) if class counsel receives a disproportionate distribution of the gross settlement amount; (2) if there is a "clear-sailing" agreement; and (3) if any of the gross settlement amount reverts to the defendant. *See id.* The Court discusses each "red flag" in turn.

i.    *Disproportionate Distribution of the Settlement*

One sign that class counsel pursued their own self-interests over those of the class is if class counsel receives a disproportionate distribution of the common settlement fund. *See id.* at 1023. For example, in *Briseño*, the Circuit found that class counsel's receipt of $5.85 million of the $8 million gross settlement fund raised red flags, particularly because the class received less than $1 million. *See id.* at 1020.

Here, Class Counsel seeks $56,250, or 25% of the Gross Settlement, which is the benchmark amount in class action settlements. *See Final Approval Mot.* 16:7–9; *see Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047–48 (9th Cir. 2002); *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011). After examining the attorneys' fees Plaintiff seeks compared to the number of hours worked and the stated hourly fee, the Court is not concerned about collusion based on Class Counsel's fee request. The Court discusses this issue further when analyzing Plaintiff's motion for attorneys' fees.

Because Class Counsel did not receive a disproportionate distribution of the Gross Settlement, this factor does not raise a red flag regarding the Settlement Agreement.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-00086 PSG (JEMx) | Date | July 22, 2024 |
|---|---|---|---|
| Title | Marjorie Saint Hubert et al. v. Equinox Holdings, Inc. et al | | |

ii.    *Presence of a "Clear-Sailing Arrangement"*

A settlement agreement contains a "clear-sailing arrangement" when "the defendant agrees not to challenge a request for an agreed-upon attorney's fee." *Briseño*, 998 F.3d at 1023. But the mere presence of such an agreement is not "an independent basis for withholding settlement approval." *Id.* at 1027. Instead, such arrangements are material only if there is evidence of at least one of the other two *Briseño* factors—reverters and unreasonably high attorneys' fees. *See McKinney-Drobnis v. Oreshack*, 16 F.4th 594, 610 (9th Cir. 2021) ("[A] clear sailing provision signals the potential that a defendant agreed to pay class counsel excessive fees in exchange for counsel accepting a lower amount for the class members." (citation omitted)).

Although the Settlement Agreement contains a clear sailing arrangement, *see Settlement* ¶ 32, any potential for collusion that could come from the arrangement is offset because neither the attorneys' fees are excessively high nor does the Settlement Agreement contain a reverter clause. Indeed, "[a]ny funds allocated to Attorney's Fees and Costs but not awarded by the Court will be included in the Net Settlement Amount and distributed pro rata to the Participating Class Members." *Id.* This factor thus only weakly indicates collusion or inappropriate self-interest. *See Briseño*, 998 F.3d at 1027.

iii.    *Presence of a Reversionary Clause*

A reversionary clause is one that "returns unawarded fees to the defendant, rather than the class." *Id.* at 1023. Here, there is no reversionary clause in the Settlement Agreement. *Settlement* ¶ 15. Accordingly, this factor does not indicate collusion.

iv.    *Briseño Conclusion*

Having considered each of the *Briseño* factors, the Court finds that the Settlement Agreement, on balance, was not collusive or based on inappropriate self-interest of Class Counsel.

E.    <u>Final Approval Conclusion</u>

Having concluded that the *Hanlon* factors favor final approval, and that the Settlement Agreement is appropriate under *Briseño*, the Court **GRANTS** Plaintiff's motion for final approval of the Settlement Agreement.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-00086 PSG (JEMx) | Date | July 22, 2024 |
|---|---|---|---|
| Title | Marjorie Saint Hubert et al. v. Equinox Holdings, Inc. et al | | |

III.     Attorneys' Fees, Costs, and Service Award

Plaintiff moves for (1) attorneys' fees in the amount of $56,250, (2) reimbursement of costs in the amount of $4,331, and (3) a $5,000 enhancement award for Plaintiff.  *See Fees Mot*. 1:2–5.  The Court addresses each request in turn.

A.     Attorneys' Fees

i.     *Legal Standard*

Awards of attorneys' fees in class action cases are governed by Federal Rule of Civil Procedure 23(h), which provides that, after a class has been certified, the court may award reasonable attorneys' fees and nontaxable costs.  The court "must carefully assess" the reasonableness of the fee award.  *See Staton*, 327 F.3d at 963; *see also Browne v. Am. Honda Motor Co., Inc.*, No. CV 09-6750 MMM (DTB), 2010 WL 9499073, at *3–5 (C.D. Cal. Oct. 5, 2010) (explaining that in a class action case, the court must scrutinize a request for fees when the defendant has agreed to not oppose a certain fee request as part of a settlement).

Where litigation leads to the creation of a common fund, courts can determine the reasonableness of a request for attorneys' fees using either the lodestar method or the percentage-of-recovery method.  *See Allison*, 8 F.4th at 1180.   "Though courts have discretion to choose which calculation method they use, their discretion must be exercised as to achieve a reasonable result," and the Ninth Circuit recommends "cross-checking their calculations against a second method."  *In re Bluetooth Headset Prods. Liab.*, 654 F.3d at 942, 944.

The Court first analyzes the reasonableness of the request under the percentage-of-recovery method and then cross-checks it against the lodestar method.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-00086 PSG (JEMx) | Date | July 22, 2024 |
|---|---|---|---|
| Title | Marjorie Saint Hubert et al. v. Equinox Holdings, Inc. et al | | |

ii.    *Percentage-of-Recovery Method*

Under the percentage-of-recovery method, courts typically use 25% of the fund as a benchmark for a reasonable fee award.  *See In re Bluetooth Headset Prods. Liab.*, 654 F.3d at 942.  The percentage can vary, however, and courts have awarded more or less than 25% of the fund in attorneys' fees as they have deemed appropriate.  *See, e.g.*, *Vizcaino*, 290 F.3d at 1047 (noting that courts generally award between 20% and 30% of the common fund in attorneys' fees).  When assessing reasonableness of fee awards under the percentage-of-recovery theory, courts consider the following factors: "(1) the results achieved; (2) the risk of litigation; (3) the skill required and the quality of work; (4) the contingent nature of the fee and the financial burden carried by the plaintiffs; and (5) awards made in similar cases."  *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1046 (N.D. Cal. 2008) (citing *Vizcaino*, 290 F.3d at 1048–50).

Here, Plaintiff asks the Court to award $56,250 in attorneys' fees, which is 25% of the Gross Settlement.  *Fees Mot.* 1:15–20.  This is the benchmark for attorneys' fees calculations under the percentage-of-recovery approach.  *Powers v. Eichen*, 229 F.3d 1249, 1256 (9th Cir. 2000).

a.    *Results Achieved*

"The overall result and benefit to the class from the litigation is the most critical factor in granting a fee award."  *In re Omnivision Techs.*, 559 F. Supp. 2d at 1046.  As previously discussed, the Gross Settlement equals roughly 13% of Plaintiff's estimated damages for the class, *Prelim. Approval Order* 13, which is well within the range of recovery for wage and hour settlements, *see supra* § C. IV.  Further, the parties reached this result after engaging in adversarial and arm's-length mediation.  *See Final Approval Mot.* 7:26–8:3.  In light of the risks of continued litigation, this result achieved on behalf of the class members supports the requested fees.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-00086 PSG (JEMx) | Date | July 22, 2024 |
|---|---|---|---|
| Title | Marjorie Saint Hubert et al. v. Equinox Holdings, Inc. et al | | |

    *b.*      *Risk of Litigation*

       The risk that further litigation might result in no recovery is a "significant factor" in assessing the fairness and reasonableness of an award of attorneys' fees. *In re Omnivision Techs.*, 559 F. Supp. 2d at 1046–47; *see also Vizcaino*, 290 F.3d at 1048 (discussing that "[r]isk is a relevant circumstance" in determining an attorney fee award in a common fund case). The Court recognizes that Class Counsel would have faced substantial obstacles were it to have to continue litigating this matter. *See Fees Mot.* 9:19–24. As the Court already noted, this matter presented several legal and factual disputes, which Class Counsel would have had to overcome. *See supra* § C. II–III. In light of the high risks associated with this litigation, this result achieved on behalf of the class members supports the requested fees.

    *c.*      *Skills Required and Quality of Work*

       The Court also considers the skills required to prosecute and manage this litigation, as well as Class Counsel's overall performance. *See In re Omnivision Techs.*, 559 F. Supp. 2d at 1047. Here, Class Counsel, who has considerable experience in litigating wage and hour class actions, engaged in motion practice and substantial discovery, which also weighs in favor of approving the requested fees. *See Fees Mot.* 9:26–10:15.

    *d.*      *Contingent Nature and Plaintiff's Financial Burden*

       Class Counsel has spent over four years litigating this case, which they took on a contingency fee basis. *See id.* 8:27–28. Since they have faced the risk of walking away with nothing, the Court finds that this factor supports approving the requested fees.

    *e.*      *Awards Made in Similar Cases*

       Class Counsel seeks the benchmark for attorneys' fees under the percentage-of-recovery approach. Accordingly, Class Counsel has established that the requested award is comparable to awards approved by other California district courts in similar cases. *See id.* 10:17–11:4. This factor also supports approving the requested fees.

    *f.*      *Conclusion*

       The Court finds that, in light of all the *Vizcaino* factors, Class Counsel's request is reasonable.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-00086 PSG (JEMx) | Date | July 22, 2024 |
|---|---|---|---|
| Title | Marjorie Saint Hubert et al. v. Equinox Holdings, Inc. et al | | |

   *iii.*  *Lodestar Method Cross-Check*

   To calculate the "lodestar," the court must multiply the number of hours the attorneys reasonably spent on the litigation by the reasonable hourly rate in the community for similar work. *McElwaine v. U.S. West, Inc.*, 176 F.3d 1167, 1173 (9th Cir. 1999).

   Class Counsel asserts that the lodestar is $98,145 based on the 134.5 hours spent on this case and the estimated 10 future hours required through final disposition. *Nosrati Decl.* ¶ 35. In support of these figures, Class Counsel provided the hours expended, rates per attorney, and descriptions of tasks performed. *See id* ¶¶ 35–36. The Court has summarized Class Counsel's lodestar figure below:

| Attorney Name | Hours | Rate | Total Billed |
|---|---|---|---|
| Omid Nosrati, Esq. | 56.3 | $600/hr | $33,780 |
| | 73.1 | $750/hr (2023 rate) | $54,825 |
| | 10.0 ("estimated" time through final disposition) | $750/hr | $7,500 |
| Michael Bral, Esq. | 5.1 | $400/hr | $2,040 |
| **Total** | | | **$98,145** |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-00086 PSG (JEMx) | Date | July 22, 2024 |
|---|---|---|---|
| Title | Marjorie Saint Hubert et al. v. Equinox Holdings, Inc. et al | | |

       a.     *Reasonable Rate*

      The reasonable hourly rate is the rate prevailing in the community for similar work. *See Gonzalez v. City of Maywood*, 729 F.3d 1196, 1200 (9th Cir. 2013) ("[T]he court must compute the fee award using an hourly rate that is based on the prevailing market rates in the relevant community."); *Viveros v. Donahoe*, CV 10-08593 MMM (Ex), 2013 WL 1224848, at *2 (C.D. Cal. Mar. 27, 2013) ("The court determines a reasonable hourly rate by looking to the prevailing market rate in the community for comparable services."). The relevant community is the community in which the court sits. *See Schwarz v. Sec. of Health & Hum. Servs.*, 73 F.3d 895, 906 (9th Cir. 1995). If an applicant fails to meet its burden, the court may exercise its discretion to determine reasonable hourly rates based on its experience and knowledge of prevailing rates in the community. *See, e.g.*, *Ashendorf & Assocs. v. SMI-Hyundai Corp.*, No. CV 11-02398 ODW (PLAx), 2011 WL 3021533, at *3 (C.D. Cal. July 21, 2011) (citing *Bademyan v. Receivable Mgmt. Servs. Corp.*, No. CV 08-00519 MMM (RZx), 2009 WL 605789, at *14–15 (C.D. Cal. Mar. 9, 2009)).

      The Real Rate Report is a useful guidepost to assess the reasonableness of hourly rates in the Central District of California. *See Eksouzian v. Albanese*, No. CV 13-728 PSG (AJWx), 2015 WL 12765585, at *4–5 (C.D. Cal. Oct. 23, 2015). The Real Rate Report identifies attorney rates by location, experience, firm size, areas of expertise and industry, as well as specific practice areas, and is based on actual legal billing, matter information, and paid and processed invoices from more than 80 companies. *See Hicks v. Toys 'R' Us-Del., Inc.*, No. CV 13-1302 DSF (JCGx), 2014 WL 4670896, at *1 (C.D. Cal. Sept. 2, 2014). Courts have found that the Real Rate Report is "a much better reflection of true market rates than self-reported rates in all practice areas." *Id.*; *see also Tallman v. CPS Sec. (USA), Inc.*, 23 F. Supp. 3d 1249, 1258 (D. Nev. 2014) (considering the Real Rate Report); *G.B. ex rel. N.B. v. Tuxedo Union Free Sch. Dist.*, 894 F. Supp. 2d 415, 431–33 (S.D.N.Y. 2012) (same).

      The Court turns to the *2022 Real Rate Report: The Industry's Leading Analysis of Law Firm Rates, Trends, and Practices* ("Real Rate Report"). The Real Rate Report provides that, in Los Angeles, partners litigating employment-related matters, such as wage and hour claims, have hourly rates ranging from $525 to $935, with a median rate of $666, and associates have hourly rates ranging from $325 to $495, with a median rate of $390. *See* Real Rate Report at 117. Accordingly, Class Counsel's requested rates fall within the range of rates for Los Angeles attorneys litigating employment-related matters in the Real Rate Report. Having considered Class Counsel's experience and the prevailing rates in the relevant community for comparable work, the Court approves as reasonable each of Class Counsel's hourly rates.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-00086 PSG (JEMx) | Date | July 22, 2024 |
|---|---|---|---|
| Title | Marjorie Saint Hubert et al. v. Equinox Holdings, Inc. et al | | |

> b.    *Reasonable Hours*

An attorneys' fee award should include compensation for all hours reasonably expended prosecuting the matter, but "hours that are excessive, redundant, or otherwise unnecessary" should be excluded. *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1135 (9th Cir. 2012). "[T]he standard is whether a reasonable attorney would have believed the work to be reasonably expended in pursuit of success at the point in time when the work was performed." *Moore v. Jas. H. Matthews & Co.*, 682 F.2d 830, 839 (9th Cir. 1982).

Here, Class Counsel has spent 134.5 hours on this case over the course of four years. *Nosrati Decl.* ¶ 35.  Before reaching the Settlement Agreement, Class Counsel investigated the factual and legal issues of the case, engaged in discovery, drafted motions, including opposing summary judgment, analyzed damages, and mediated with Defendant. *Id.* ¶ 36.  Class Counsel also spent hours finalizing the Settlement Agreement and Class Notice. *Fees Mot.* 14:13–16. Indeed, Class Counsel expended significant effort to provide the Class a reasonable resolution. *Id.* 13:28–14:18. The Court ultimately finds that the time expended by Class Counsel was reasonable.

> c.    *Reasonableness of Lodestar*

Based on the foregoing, the resulting lodestar amount is $98,145.  Comparing the lodestar against the requested fee of $56,250 results in a multiplier of roughly .57.

Courts have approved awards with much greater multipliers. *See Vizcaino*, 290 F.3d at 1051 n.6 (finding that a "bare majority" of multipliers in common fund cases fall in the 1.5 to 3.0 range); *McKenzie v. Fed. Exp. Corp.*, No. CV 10-02420 GAF (PLAx), 2012 WL 2930201, at *10 (C.D. Cal. July 2, 2012) (approving a 3.2 multiplier in a wage-and-hour class action case); *Salgado v. T-Mobile USA, Inc.*, No. 1:17-cv-0339-JLT, 2020 WL 3127931, at *25 (E.D. Cal. June 12, 2020) (finding a multiplier of 5.55 to be too high and reducing attorney awards to equal a 3.70 multiplier).

The Court therefore finds that the requested fee award is reasonable when cross-checked against the lodestar method.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-00086 PSG (JEMx) | Date | July 22, 2024 |
|---|---|---|---|
| Title | Marjorie Saint Hubert et al. v. Equinox Holdings, Inc. et al | | |

     *iv.*   *Conclusion*

Given that Class Counsel's requested attorneys' fee award is reasonable under both the percentage-of-recovery and lodestar methods, the Court **GRANTS** Class Counsel's request for $56,250 in attorneys' fees.

    B.   <u>Litigation Costs</u>

"Attorneys may recover their reasonable expenses that would typically be billed to paying clients in non-contingency matters." *In re Omnivision Techs.*, 559 F. Supp. 2d at 1048. Here, Class Counsel request reimbursement of expenses incurred in the amount of $4,331 for the initial filing fee, the deposition costs for the person most knowledgeable, and for its damages' consultant. *Nosrati Decl.* ¶ 16. The Court is satisfied that the costs amount to a reasonable expenditure for the four years that this litigation has been pending. The Court therefore **GRANTS** the request for $4,331 in costs.

    C.   <u>Enhancement Award</u>

"Incentive awards are fairly typical in class action cases." *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 958 (9th Cir. 2009). When assessing requests for incentive awards, courts consider five principal factors:

> (1) the risk to the class representative in commencing suit, both financial and otherwise; (2) the notoriety and personal difficulties encountered by the class representative; (3) the amount of time and effort spent by the class representative; (4) the duration of the litigation; (5) the personal benefit (or lack thereof) enjoyed by the class representative as a result of the litigation.

*Van Vranken v. Atlantic Richfield Co.,* 901 F. Supp. 294, 299 (N.D. Cal. 1995).

Further, while "[t]he range of acceptable enhancement payments is discretionary, . . . courts have determined that a $5,000 payment is presumptively reasonable." *Gaston v. FabFitFun, Inc.*, No. 2:20-cv-09534-RGK-E, 2021 WL 6496734, at *4 (C.D. Cal. Dec. 9, 2021) (citation omitted); *see also Hawthorne v. Umpqua Bank*, No. 11-cv-06700-JST, 2015 WL 1927342, at *8 (N.D. Cal. Apr. 28, 2015) ("Many courts in the Ninth Circuit have also held that $5,000 incentive award is presumptively reasonable." (citation omitted)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-00086 PSG (JEMx) | Date | July 22, 2024 |
|---|---|---|---|
| Title | Marjorie Saint Hubert et al. v. Equinox Holdings, Inc. et al | | |

Here, Plaintiff requests an enhancement award of $5,000, *see Fees Mot.* 16:15–22, which is presumptively reasonable.  Moreover, Plaintiff spent approximately 30 hours in connection with the case.  *Declaration of Marjorie Saint Hubert*, Dkt. # 71-5 ("*Hubert Decl.*"), ¶ 3.  Specifically, Plaintiff  assisted Class Counsel by, among other things, (1) sitting for deposition, (2) attending the mediation, (3) searching and reviewing documentation relevant to the class allegations, (4) communicating with counsel, and (5) supporting opposition to summary judgment.  *See Fee Mot.* 15:25–16:12; *see also Hubert Decl.* ¶¶ 3–4.

The Court agrees that the requested enhancement award is appropriate and thus **GRANTS** Plaintiff's request for an enhancement award of $5,000.

B.    Settlement Administration Amount

Plaintiff proposes to pay CPT group $20,000 to administer the settlement.  *See Final Approval Mot.* 5:8–20.  The Court continues to find this request reasonable given the costs for mailed notice and distribution of settlement funds to 533 participating Class Members.  *See Lowe v. Popcornopolis LLC*, No. CV 19-6984 PSG (RAOx), 2020 WL 5991509, at *9 (C.D. Cal. July 8, 2020) (approving estimated $24,000 to administer class of 191 individuals).

V.    Conclusion

For the reasons stated above, the Court **GRANTS** Plaintiff's motion for final approval of class action settlement and **GRANTS** Plaintiff's motion for attorneys' fees and costs.  It is **HEREBY ORDERED AS FOLLOWS**:

- The Court approves settlement of the action between Plaintiff and Defendant, as set forth in the Settlement Agreement, as fair, just, reasonable, and adequate.  The parties are directed to perform their settlement in accordance with the terms set forth in the Settlement Agreement.

- Class Counsel are awarded $56,250 in attorneys' fees and $4,331 in costs.  Additionally, Plaintiff is awarded a $5,000 enhancement award.

- The Court approves payment in the amount of $20,000 to CPT Group for settlement administration costs.

Without affecting the finality of this judgment in any way, this Court hereby retains exclusive jurisdiction over Defendant and the Class Members for all matters relating to the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-00086 PSG (JEMx) | Date | July 22, 2024 |
|---|---|---|---|
| Title | Marjorie Saint Hubert et al. v. Equinox Holdings, Inc. et al | | |

litigation, including the administration, interpretation, effectuation, or enforcement of the
Settlement Agreement and this order.

This order closes the case.

**IT IS SO ORDERED**.